# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHARLES FRANKLIN KITTS, ET AL | : | DOCKET NO. 02:07-CV-1151 |
| VS. | : | JUDGE MINALDI |
| CITGO PETROLEUM GROUP | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a pleading filed by defendant entitled in pertinent part "Motion to Dismiss or Strike Plaintiffs' Motion to Certify Class and Dismiss or Strike Plaintiffs' Class Action Allegations." Doc. 30.[1] Pursuant to 28 U.S.C. § 636(b), these matters were referred to the undersigned for report and recommendation. For the reasons stated herein, the undersigned recommends that motion [Doc. 30] be GRANTED, that the Motion to Certify Class [Doc. 28} be denied, and that the class allegations contained in plaintiffs' complaint [Doc. 1, Att. 1] be stricken.

## I.
## Procedural History

The initial Complaint in this case was filed on June 15, 2007 in the 14th Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, Att. 1. Accompanying the initial petition and also filed in Calcasieu Parish was a Motion for Class Certification. Doc. 1, Att. 4. The case was removed to federal court on July 11, 2007. Doc. 1. One week later, on July 18, 2007, the court issued its Removal Order. Doc. 3.

---

[1] Also before the court is a similar motion in a related case, *Hankin v. Citgo Petroleum Group*, 07-1153. We are issuing a separate Report and Recommendation for that matter.

Of particular importance to this case is the portion of the Removal Order which reads as follows:

> If motions or exceptions were pending in State Court at the time of removal, such motions or exceptions must be re-filed in proper form and in accordance with LR 7.[2]. . . . Failure to re-file these motions or exceptions will constitute their abandonment as if they were never filed.

This claim progressed and trial was fixed for January 26, 2009. On September 9, 2008, counsel for defendant requested a status conference to discuss the class certification issue. Doc. 24. In response to the letter, the court entered the following Minute Entry on September 25, 2008:

> The defendant, Citgo Petroleum Corporation (hereinafter "Citgo"), submitted a letter requesting a status conference to discuss the status of the plaintiff's Motion For Class Certification [doc. 24]. Pursuant to this Court's Removal Order, dated July 18, 2007 [doc. 3], all motions that were pending in state court at the time of removal must be refiled in federal court. "Failure to refile these motions or exceptions will constitute their abandonment as if they were never filed." The plaintiff filed a Motion For Class Certification in state court; however, he never refiled a Motion For Class Certification in federal court. Accordingly, there is no motion for class certification pending before this Court and a status conference is unnecessary.

Doc. 25 (footnote omitted).

On October 3, 2008, plaintiffs filed a Motion to Certify Class [Doc. 28] to which defendant responded with the motion currently under consideration. Through that same motion and for the same reasons defendant asks the court to strike plaintiffs' class action allegations from the original complaint.

A hearing on the defendant's motion was held October 23, 2008 after which the matter was taken under advisement.

---

[2] LR7 provides generally for pleadings allowed and form of motions.

# II.
# Parties' Respective Positions

Defendant suggests in its memorandum in support of its motion that this court should dismiss or strike plaintiffs' motion to certify the class because it was filed untimely. Defendant relies upon the court's Removal Order quoted above as well as LR 23.1(B) which provides as follows:

> Within 90 days after the filing of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a certification under *FRCvP 23(c)(1)*, as to whether the case is to be maintained as a class action.

Relying upon jurisprudence from the Eastern District of Louisiana[3] defendant argues that the 90 day period for filing their motion for class certification began to run at time of removal. Accordingly, defendant suggests, plaintiffs' current motion is untimely.

Plaintiffs argue in response that their motion filed in state court "had the same effect as if the matter had originally been filed in federal court." Doc. 33, p. 2. Plaintiffs note that a removed case comes to federal court "in the same condition in which it left the state system." Doc. 33, p. 2 (citations omitted). Plaintiffs also point out that FED.R.CIV.P. 81(c)(2) provides that repleading after removal is unnecessary "unless the court orders it." *Id.* at p. 3. Plaintiffs maintain that their state court motion "was not in an improper format pursuant to Local Rule 7" and therefore did not need to be refiled. *Id.*

Seemingly in the alternative plaintiffs argue that even in the event this court's Removal Order or LR 7 did apply, neither provides a deadline within which plaintiffs must file. "The plaintiffs should not be held to a standard of interpretation of the Court's Removal Order and Local Rule 7 to mean something that they do not state." Doc 33, p. 3. Plaintiffs suggest that the

---
[3] Defendant relies upon *Lauer v. Chamale Cove*, 2007 WL 203974 (E.D.La., Jan. 24, 2007).

court's September 25, 2008, Minute Entry constituted an order for plaintiffs to refile their motion for certification (Doc. 33, p. 4), an order with which they promptly complied on October 3, 2008. Doc. 28. Plaintiffs maintain that defendant's reliance on LR 23.1(B) as fixing the time limit for refiling the motion for certification after removal is misplaced as that rule applies only to matters initiated in Federal Court, not cases removed from state court. "As with the defendant's interpretation of Local Rule 7, the plaintiffs should not be held to a standard of interpretation of Local Rule 23.1 to mean something that it does not state." Doc. 33, p. 4[4].

## III.
## Law and Analysis

There was no Motion to Certify the class action until the plaintiffs filed one in this court on October 3, 2008. Doc. 28. While it is true that a Motion to Certify Class was presented in state court, it is equally true that by order of this court after removal the plaintiff was instructed to refile any motion pending in state court. Plaintiffs were notified that their failure to refile would "constitute [the motion's] abandonment as if [it was] never filed." Doc. 3.

Plaintiffs in their opposition to the motion under consideration correctly note that this court's order did not fix a deadline by which the state court motions must be filed here. What the court's order did do, however, is clearly state that as long as the motion was not filed in this court, that motion would be deemed abandoned. The state court motion filed simultaneously with the original petition has no significance to and no presence in this litigation in this court.

FED. R. CIV. P. 23 imposes a duty to issue a certification order "[a]t an early practicable time after a person sues or is sued as a class representative." This duty belongs with the district court. *See United States v. United States Steel Corp.,* 520 F.2d 1043, 1052 (5th Cir. 1975), cert.

---
[4] Because plaintiffs argue they were not dilatory, they offer no justification for delay that would cause us to consider whether the offering constituted excusable delay. See, for example, *Kreger v. Gen. Steel Corp.*, 2007 WL 2344917 (E.D. La.) and *Musmeci v. Schwegmann Giant Super Markets*, 2000 WL 1010254 (E.D. La.).

4

denied, 429 U.S. 817, 97 S.Ct. 61, 50 L.Ed.2d 77 (1976); *Rodriguez v. East Texas Motor Freight*, 505 F.2d 40, 50 (5th Cir. 1974). "Class actions are expensive to defend," *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008), and "fundamental fairness requires that a defendant named in a suit be told promptly the number of parties to whom it may ultimately be liable for money damages." *Siskind v. Sperry Ret. Program*, *Unisys*, 47 F.3d 498, 503 (2d Cir. 1995). For this reason, "the certification decision should not be postponed longer than is needed to develop an adequate record. . . ." McLaughlin on Class Actions, § 3.1 1 (4th ed. 2007). Rule 23 imposes no deadline on any party to bring the issue forward through motion nor does it provide an exact period of time within which the issue must be decided.

In order to effectuate the requirements placed on the courts by Rule 23, many federal forums have instituted local rules that assign time periods within which a class certification must be filed following the filing of a complaint. Newberg on Class Actions § 3:43 (3d ed. 1992). This district, as well as the Eastern and Middle Districts of Louisiana, has adopted uniform LR 23.1 which provides "[w]ithin 90 days after the filing of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a certification under Fed. R. Civ. Proc. 23 as to whether the case is to be maintained as a class action." LR 23.1(B).

Plaintiffs argue that LR 23.1 is inapplicable in this case as the rule clearly was written to apply to cases brought in Federal Court originally. We see no language in that rule that calls for such a narrow application.

The Eastern District of Louisiana has, on several occasions, applied LR 23.1 to a removed case and has held that the time period contained in rule 23.1 begins to run at time of removal, rather than time of filing of the petition. See *Escoe v. State Farm Fire and Casualty*

5

*Co.*, 2007 WL 2903048, at *2 (E.D. La. Sept. 27, 2007); *Lauer v. Chamale Cove*, 2007 WL 203974 (E. D. La Jan. 24, 2007); *Mayer v. Lamarque Ford*, 2000 WL 1140497 (E.D. La.). In none of the cases cited was the issue *whether* the delay provided by LR 23.1 applied to removed cases at all. In each cited case the issue was simply *when* the delay provided by LR 23.1 began to run.

*Mayer*, supra, relied upon a case from the Northern District of Texas, *Joseph N. Main P.C. v. Electronic Data Sys. Corp*, 168 F.R.D. 578 (N.D. Tex. 1996). It appears from the *Joseph N. Main* decision that the State of Texas did not have a procedural rule setting forth the delay within which a motion for class certification should be filed. Before concluding that the delay for filing a motion to certify in federal court would commence with the date of removal, the court stated:

> If the Court were to adopt the defendants' argument [that the delay imposed by the local rule began at time of filing the original complaint in state court], state court plaintiffs who sought to maintain class actions would be required to anticipate removal and to begin calculating deadlines under rules which do not apply to state actions. The Court has no power to compel adherence to the Local Rules of the Northern District of Texas until a party has appeared before it. Under this approach, if a group of plaintiffs were to file a class action suit against one in-state defendant and one foreign defendant and 94 days later the in-state defendant was dismissed, the remaining defendant could timely remove within 30 days and upon filing the notice of removal move to strike all class allegations because the motion for class certification was now untimely under Local Rule 10.2(b). The fundamental unfairness of defendants' approach is clear. Accordingly, the Court declines to force state plaintiffs to anticipate removal and to apply the Federal Rules of Civil Procedure and the Local Rules of this Court prior to removal.

*Id* at 576.

This "fundamental unfairness" argument was noted approvingly by the Eastern District in *Mayer*, supra, when that court adopted the same reasoning. The *Mayer* court, after noting that

6

the before-stated rationale would not necessarily apply in Louisiana which also has a 90 day delay requirement for filing motions for class certification, nevertheless held that the 90 day delay set forth in LR 23.1 commenced with the date of removal to Federal Court. Two other decisions from the Eastern District, *Escoe* and *Lauer*, supra, rely upon *Mayer* and similarly hold that the LR 23.1 delay begins to run from date of removal to Federal Court.

We are not called upon to decide whether the 90 day delay found in Local Rule 23.1 should apply from date of filing of the original complaint or from date of removal as plaintiffs have failed to file within either. An additional factor not previously mentioned mitigating in favor of dismissal of the class action claim is the fact that plaintiffs did not file their motion to certify until approximately three and one-half months before the scheduled trial date, not nearly enough time to have the motion adequately heard and notice given before trial. *See Stewart v. Project Consulting Servs., Inc.*, 2001 WL 1000732 (E.D. La. Aug. 29, 2001) (dismissing class allegations because plaintiffs' motion for class certification was untimely and trial was ten weeks away). A final additional factor that cannot be ignored in this consideration is that plaintiffs' unexcused failure to move for certification sooner would undermine their ability to prove that they are adequate to protect the interests of the class as they must prove in any FED.R.CIV.P. 23 consideration.[5]

For the foregoing reasons we find that plaintiffs did not timely file their Motion and that the motion currently before the court should be GRANTED.

---

[5] Plaintiff's failure to move for class certification is a direct assault on the merits of the request for class certification. *East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977).

# III.
# Conclusion

This writer can locate no case from the Western District of Louisiana that states whether Local Rule 23.1 applies to cases removed from state court. We find no reason to hold that Local Rule 23.1 would not apply and we hold that it does.[6] We do not find whether the 90 day delay found in LR 23.1 would apply from date of filing the original petition or date of removal as we are not called upon to make such a determination. The plaintiffs filed untimely in either event.

Plaintiffs have waited over a year and within months of trial to bring their motion. Plaintiffs offer no excuse for the delay. Finally it is doubtful that plaintiffs could satisfy their burden of establishing that they could adequately protect the interests of the purported class given their inexcusable delay in bringing this issue forward.

For all reasons set forth above the undersigned recommends that plaintiffs' Motion for Class Certification [Doc. 28] be dismissed and that any class allegations contained in plaintiffs' Complaint [Doc. 1, Att. 1] be stricken.

Under the provisions of 28 U.S.C. 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN**

---

[6] Motions to certify class actions in Louisiana state court proceedings would, under Louisiana procedural law, be untimely if not filed within 90 days. Motions to certify class actions in Federal cases would, under Local Rules, be untimely if not filed within 90 days. Under plaintiffs' scenario, however, there is no time delay at all that applies when a state court proceeding has been removed to federal court. No such anomaly exists – LR 23.1 sets forth the appropriate delay.

**ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on December 16, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE