U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JAN 2 2 2009

ROBERT H. SHEMWELL, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHARLES FRANKLIN KITTS, ET AL.** | : | **DOCKET NO. 2:07-CV-1151** |
| v. | : | **JUDGE MINALDI** |
| **CITGO PETROLEUM INC.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a Motion in Limine, filed by the defendant Citgo Petroleum, Inc. (hereinafter "Citgo") [doc. 45]. The plaintiffs, Charles Kitts et al. (hereinafter "the plaintiffs") filed an Opposition [doc. 47]; however, the Opposition does not address the merits of the motion in limine, but rather requests that this Court defer a ruling until the class certification issue had been resolved. Citgo filed a Reply [doc. 51]. Having denied the plaintiffs' motion for class certification, [doc. 62], this Court now considers Citgo's motion in limine for the jury trial on January 26, 2009.

Citgo moves to exclude the expert testimony of Dr. Lewis Pepper and Dr. James Bruya because the plaintiffs failed timely to provide their expert reports. Pursuant to the Court's September 25, 2007 Scheduling Order, the plaintiffs were required to provide expert reports no later than October 28, 2008 [doc. 12] (requiring the plaintiff to furnish to opposing counsel "the names and written reports of the experts that he intends to call at trial no later than 90 days before trial"). Moreover, Fed. R. Civ. P. 26(a)(2)(B) provides that expert reports must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Citgo notes that the plaintiffs failed to provide expert disclosures by October 28, 2008. Citgo states that the plaintiffs faxed a list of experts they intended to call on November 13, 2008.[1] Thus, Citgo argues that not only was the disclosure untimely, but it was also legally insufficient because it failed to comply with the requirements for expert reports articulated in Fed. R. Civ. P. 26(a)(2)(B). Citgo argues that the documentation on Dr. Bruya is incomplete because the only information that the plaintiffs provided was a two-page letter by an associate of Dr. Bruya's dated August 21, 2006.[2] Citgo argues that the plaintiffs have failed to provide any information pertaining to Dr. Pepper.

Fed. R. Civ. P. 16(b) authorizes the district court to manage the discovery process through a scheduling order. *See, e.g., Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). The Fifth Circuit recognizes that district courts have broad discretion in enforcing their scheduling orders by excluding evidence. *Id.* The Fifth Circuit considers four factors in reviewing whether the district court properly excluded evidence not timely designated: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.*

---

[1] Def.'s Ex. A.

[2] *Id.*

2

First, this Court notes that the plaintiffs have provided no explanation for their failure to timely and properly identify Dr. Lewis Pepper and Dr. James Bruya. As far as this Court can tell from the record, as of January 22, 2009, four calendar days before the scheduled jury trial, the plaintiffs still have not provided the expert reports of Drs. Pepper and Bruya to Citgo.

Second, based upon the plaintiffs' response to this motion and the plaintiffs' discovery responses of November 17, 2008,[3] the plaintiffs do not intend to call experts at trial. Moreover, Citgo states that per communications with plaintiffs' counsel, the plaintiffs do not intend to call experts at trial. All of these considerations lead this Court to conclude that the plaintiffs do not consider the expert testimony of Dr. Pepper and Dr. Bruya important to this case.

Third, in the event that the plaintiffs do intend to call Dr. Pepper and Dr. Bruya, this Court finds that permitting the expert testimony at this late stage would cause Citgo prejudice that cannot be cured by a continuance, because Citgo is prepared to preserve the January 26, 2009 trial date.

Fourth, this court does not find that a continuance is available. This case was filed in June of 2007 and this trial date was set over a year ago. The plaintiffs failed to meet their discovery deadlines but also failed to file a motion for extension of discovery deadlines, and this Court does not find that a continuance is the proper remedy; accordingly,

IT IS ORDERED that the defendant's Motion in Limine [doc. 45] is hereby GRANTED.

Lake Charles, Louisiana, this 22 day of Jan., 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[3] Def.'s Exs. B-H.

3